UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID ULLUM,<br><br>    Plaintiff,<br><br>v.<br><br>PEACEHEALTH, a Washington public benefit corporation,<br><br>    Defendant. | Case No. C22-5044RSM<br><br>ORDER DENYING MOTION FOR EXTENSION OF DEADLINES |

      This matter comes before the Court on Plaintiff David Ullum's unopposed Motion for Extension of Discovery Deadlines and Trial Scheduling Conference. Dkt. #15. This case was filed on January 20, 2022. There have been no motions. Trial is set for June 5, 2023. Discovery is scheduled to close on February 6, 2023. Dkt. #12.

      Plaintiff moves for a 60-day extension of discovery and dispositive motion deadlines, and to strike the trial date. The reason for this request is that "document discovery is underway, however Defendant's production and conferral on this motion has been delayed due to staffing and workload of Defendant's counsel." Dkt. #15 at 2. No further explanation is given.

      A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the

ORDER DENYING MOTION FOR EXTENSION OF DEADLINES - 1

broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id*. at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(6). This rule will be "strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court." LCR 16(m). While prejudice to an opposing party may provide additional reasons for denying the motion, it is not required under Rule 16(b). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

Plaintiff has the burden of demonstrating good cause to modify the scheduling order and has failed to do so. He makes no mention of diligence in his Motion. This appears to the Court as the classic situation of "mere failure to complete discovery within the time allowed," which the Court has routinely ruled insufficient to grant the requested relief. Unless the parties can point to some further basis for modifying the scheduling order, the deadlines will remain.

Having reviewed Defendants' Motion and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff David Ullum's unopposed Motion for Extension of Discovery Deadlines and Trial Scheduling Conference, Dkt. #15, is DENIED.

DATED this 12th day of December, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR EXTENSION OF DEADLINES - 2